IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBBIE KENNA | } | |
|     *Plaintiff* | } | |
| v. | } | CIVIL ACTION NO. H-05-2068 |
| | } | |
| JOHN POTTER, POSTMASTER | } | |
| GENERAL, UNITED STATES POSTAL | } | |
| SERVICE, | } | |
|     *Defendant* | } | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, mail carrier, sued Defendant, Postmaster General of the United States, claiming race, color, gender, age and disability discrimination. (Compl. Doc. 1.) Defendant has moved for summary judgment (Doc. 12) and Plaintiff has responded (Doc. 18). For the reasons that follow, the court ORDERS that Defendant's motion for summary judgment (Doc. 12) is GRANTED.

I. Relevant Facts

The events at issue in this case took place in 2001. At the time, Kenna was employed by the Postal Service as a mail carrier in Highlands, Texas. (EEOC Hr'g Tr. 9:13-21, Doc. 12 Ex. 1.) Between September 2001 and February 2002, Kenna filed four complaints of discrimination with her Equal Employment Opportunity Office. (*See* Complaints of Discrimination Doc. 12 Exs. 2, 3, 5 & 7.) Kenna's complaints were consolidated for investigation. (*See* Acceptance / Consolidation of EEO Formal Complaints 1, Doc. 12 Ex. 13.) Kenna's claims were identified by the EEOC as follows:

| | |
|---|---|
| Specific Claim(s): | (1) on July 9, 2001, she was issued a Letter of Warning; (2) on July 10, 2001, she was being intimidated and harassed when her supervisor told her to go back on the route and finish delivering all the mail even though she was not on the overtime |

1

|  |  |
|---|---|
|  | desired list; and (3) on August 1, 2001, she was not allowed to attend a scheduled EAP appointment. |
| Type(s) of Discrimination: | race (Caucasian), color (White), sex (Female), age (44 DOB: 5/15/57), disability (Stress) and retaliation (Prior EEO Activity). |

(*Id.*)  The Notice that was sent to Kenna informed her that if she disagreed with the EEOC's statement of the issues she had seven days to inform the EEOC of her disagreement. (*Id.*)  Kenna did not respond, thereby agreeing to the EEOC's statement of the claim.

Kenna's case was heard by an EEOC Administrative Law Judge in April 2003. (*See* Decision 1, Doc. 12 Ex. 14.)   Both parties were represented, testimony was taken, and exhibits were introduced. (*See* Decision 3.)  On July 21, 2003, the Administrative Law Judge issued her opinion, finding for the Postal Service on all the issues presented. (*See* Decision 26.)  Kenna appealed, and the EEOC affirmed.  Kenna filed this lawsuit in June 2005.  She alleges that the Postal Service discriminated against her on the basis of color, age, race, gender, and disability. (Compl. 2-3.) She further alleges that the postal service retaliated against her and subjected her to a hostile work environment and a constructive discharge. (Compl. 3.)

I.  Summary Judgment Standard.

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987).

The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover, the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125,

3

1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

III. Analysis

Kenna has failed to raise a fact question on any of her claims. Kenna's discrimination claims fail because she was not the victim of an adverse employment action. Her retaliation claim fails because the Postal Service's actions would not have dissuaded a reasonable employee from maintaining a claim for discrimination. Finally, the facts alleged do not support a claim for hostile work environment or constructive discharge.

An adverse employment action is a necessary component of a Title VII, ADEA, and Rehabilitation Act discrimination claim. *See Bryan v. McKinsey & Co. Inc.*, 375 F.3d 358, 360 (5th Cir. 2004) (Title VII) ; *Moore v. Eli Lilly & Co.*, 990 F.2d 812 (5th Cir. 1993) (ADEA); *Soledad v. United States Dep't of Treasury*, 304 F.3d 500, 504 (5th Cir. 2002) (Rehabilitation Act). The Fifth Circuit defines adverse employment actions as "ultimate employment decisions" such as hiring, firing, promoting, demoting, compensating and granting leave. *Pegram v. Honeywell, Inc*, 361 F.3d 272, 282. None of the actions taken by management in this case meet this stringent standard. Accordingly, Kenna's discrimination claims must be dismissed.

Like her discrimination claims, Kenna's retaliation claim is fundamentally flawed. To

qualify as retaliatory, an employers actions must be of a type likely to "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Co. v. White*, 126 S. Ct. 2405, 2409 (2006).[1]  Here, Kenna does not dispute that she waited until the day of her appointment with EAP to ask her supervisor for permission to leave early. (Kenna Aff. ¶ 10.) Kenna also admits she was told she could meet with EAP the following day, or any day thereafter. (*Id.*)  Under these circumstances, a reasonable employee would not have found management's actions to be "materially adverse." *Burlington* at 2409.

Kenna's final claim, that she was the victim of a hostile work environment and suffered a constructive discharge, also fails.  The elements of a hostile work environment claim are: (1) discriminatory intimidation, ridicule and insults that are; (2) sufficiently severe or pervasive that they; (3) alter the conditions of employment; and (4) create an abusive working environment. *See DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 594 (5th Cir.1995) (involving hostile work environment based on sexual harassment). To determine whether a working environment is hostile or abusive, all circumstances must be considered, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23, , 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993). The standard for showing constructive discharge is even more onerous. *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) ("Constructive discharge requires a greater degree of harassment than that required by a hostile environment claim.")  To prove constructive discharge, Plaintiff must establish that the working conditions at her job "were so intolerable that a reasonable employee in

---

[1] *Burlington* involved a suit by a private employee pursuant to Title 42 United States Code Section 2000e-3(a), and it is an open question whether *Burlington* applies to suits by federal employees, whose claims fall under Section 2000e-16(a).  The court need not resolve this issue because even under *Burlington's* relaxed standard Kenna's claims fail.

her position would feel compelled to resign." *Webb v. Cardiothoracic Surgery Assoc. of N Tex.*, 139 F.3d 532, 539 (5th Cir. 1998). Kenna's allegations, as reflected in the specific claims accepted for investigation by the EEOC, do not come close to meeting this standard.

V. Conclusion

For the aforementioned reasons the court orders that Defendant's motion for summary judgment (Doc. 12) is GRANTED.

**SIGNED** at Houston, Texas, on this 19th day of June, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE